# T. B. RAWLS & COMPANY v. MAXWELL E. BENSON.

Middle Section, October 29, 1926.

No petition for Certiorari was filed.

1. **Insurance. A proposal by an insurance company to renew a policy must be accepted or there is no binding contract.**

   Where an insurance agent mailed a new insurance policy to defendant a few days before the expiration of his old policy and the new policy was not accepted but was torn up by the defendant, held that there was no contract because there was not an acceptance and the insurance company could not recover the premium.

Appeal in Error from Second Circuit Court of Davidson County; Hon. A. B. Neil, Judge.

Affirmed.

James A. Ryan, of Nashville, for plaintiff in error.

R. F. Jackson, of Nashville, for defendant in error.

FAW, P. J. This suit was brought before a Justice of the Peace of Davidson county by T. B. Rawls & Company against Maxwell Benson to recover $17.05 as the annual premium charge for a fire and theft combination policy on defendant's automobile.

"T. B. Rawls & Company" is a trade name, or business name, under which T. B. Rawls, the sole owner, conducts a general insurance agency at Nashville, Tennessee.

The Justice of the Peace gave judgment for the plaintiff, and the defendant appealed to the circuit court of Davidson county, where the case was tried before the Honorable A. B. Neil, judge of the Second Circuit Court, without the intervention of a jury, and the court found the matters in controversy in favor of defendant Benson and dismissed the suit at plaintiff's cost. Plaintiff moved for a new trial, but his motion was overruled, and he thereupon prayed, obtained and perfected an appeal in the nature of a writ of error to this court and has assigned errors here.

Plaintiff's assignments of error are (1) that there is no evidence to support the judgment of the circuit court; (2) that, as a matter of law, under the facts of the case, taking the more favorable view of the contentions of defendant, he is liable for the premium sued for, and the judgment of the trial court should have been accordingly; and (3) that, under the view of the disclosed facts upon the face of the record, and taking the view of the same most favorable to the contentions of the defendant, and upon his own record admissions, there was an acceptance of the renewal policy,

and defendant is estopped to deny his acceptance of the same and is liabel for premium therefor.

It is obvious that the assignments of error raise but one question, namely, that there is no evidence to support the judgment. The second and third assignments are merely arguments advanced in support of the first assignment.

The trial judge having found the matters in controversy against the plaintiff, it is our duty to resolve all conflicts of evidence in favor of the defendant, and to view the evidence in that aspect most favorable to the defendant of which it is reasonably susceptible. There is evidence in the record from which the trial court could have found the facts which will now be stated.

On April 12, 1924, plaintiff, as agent for the Aetna Insurance Company of New York, issued to defendant a policy of insurance against fire and theft on defendant's automobile for the period of one year ending on April 12, 1925; and defendant accepted said policy and promptly paid the premium due thereon.

About the time the above-mentioned policy expired plaintiff mailed to defendant a policy of insurance against fire and theft on the same automobile for the period of one year ending on April 12, 1926, together with a statement of a premium charge of $17.05. Defendant had not applied for this latter policy, and had not in any manner indicated a desire for such insurance on his automobile, and he destroyed the policy immediately after it reached him through the mails. At the time defendant received the latter policy he was regularly employed at the office of the Tennessean in the city of Nashville and continued at that place until October, 1925. Plaintiff's office was in Nashville and he knew where defendant was to be found. Defendant received no statements of account for the premium in question, other than the one which accompanied the policy, but sometime during the summer of 1925 (the exact date not appearing), A. L. Rawls, a brother and employee of plaintiff, called on defendant at defendant's desk in the Tennessean office and asked defendant what he was going to do about the renewal policy on his automobile. Defendant replied that he had not requested or accepted such insurance. This ended the interview, and defendant received no further communications from plaintiff until a day in October, 1925, when plaintiff called on defendant at the office of the Nashville Railway & Light Company (where defendant was then employed) and asked defendant what he had decided to do about his insurance policy, to which defendant replied as follows:

"Why, I did not buy any insurance policy from you, and surely I do not owe you anything. I did not wish any protection on my

car this year, did not ask you to send me any policy, have accepted none of its protection, nor did I accept your policy."

Thereafter, on December 2, 1925, plaintiff instituted the present suit before a Justice of the Peace seeking a judgment for the full amount of the premium for one year on the policy destroyed by defendant as before stated.

We do not mean to say that the facts above stated are in all respects undisputed, but they are supported by the testimony of defendant, and, since the trial court found for defendant, we must accept his evidence as presenting the truth of the case.

Upon the facts stated, we are of the opinion that there was no error in the judgment of the circuit court dismissing plaintiff's suit. In the absence of an application by defendant for insurance, the act of plaintiff in mailing the policy to defendant was merely an offer to insure, and the offer was not accepted by defendant. There was no meeting of the minds of the parties, and hence no contract. "A proposal by an insurance company by letter to renew a policy must be accepted or there is no binding contract." Joyce on Insurance (2nd Ed.), Vol. 1, sec. 62 (last clause).

Applying the principles announced in the Tennessee case of Richmond v. Insurance Co., 123 Tenn., 307, 313, 130 S. W., 790, to the facts of the instant case, the policy mailed by plaintiff to defendant was never binding on the insurance company and defendant was at no time bound for the premium. Cases from other states are cited in the defendant's brief as holding to the same effect, but we think the Tennessee case cited, supra, is controlling, and we need not review the cases from other jurisdictions.

The assignments of error are overruled and the judgment of the circuit court dismissing plaintiff's suit at his cost is affirmed. The costs of the appeal will be adjudged against the plaintiff and the surety on his appeal bond.

Judges Crownover and DeWitt, JJ., concur.